We have for the appellant, Ms. Downing, with Supervising Attorney Ms. Zunkel, and for Apley, we have Ms. Bonamici. Let's begin with argument for the appellant. Ms. Downing, I'll recognize you. Good morning, Your Honors.  This court should vacate Mr. Blitch's 25-year mandatory minimum sentence imposed in connection with the government's disreputable stash-house staying operation and remand for resentencing. Mr. Blitch has already been in prison for 15 and a half years and has thus over-served his lawful sentence because, according to this court's clear precedent in United States v. De La Torre, his simple possession conviction did not qualify as a predicate offense for the mandatory 10-year sentencing enhancement. To prevail on the narrow issue the district judge certified to this court, Mr. Blitch must show that the judge's imposition of the Section 851 enhancement was an error that caused either a substantial miscarriage of justice or a violation of Mr. Blitch's constitutional rights. Mr. Blitch can demonstrate both a miscarriage of justice and a violation of his constitutional rights because he is serving an illegal sentence under this court's precedent. In United States v. Elder, this court recognized that state statutes that include substances not listed in the generic federal offense are categorically too broad to serve as predicate offenses under the Supreme Court's decision in United States v. Mathis. Then, in De La Torre, this court applied Elder to Illinois simple possession under Section 402c, the same offense in Mr. Blitch's case, and held that 402c convictions do not qualify as felony drug offenses for the purposes of the Section 851 enhancement. This is not contested in the government briefing, and the judge recognizes the perceived merit of the argument in his certificate of appealability. First, this clear error caused a substantial miscarriage of justice because Mr. Blitch should not have been sentenced to a section— Ms. Downing, excuse me for a minute. Do you agree that if we determine that this is a successive 2255 petition that you can't prevail? That's correct, Your Honor. However, we would argue that Mr. Blitch's 60B motion is clearly not a second or successive habeas petition, and there are several reasons for that. The first is that Mr. Blitch clearly raised his Mathis argument below. In 2016, he timely filed his initial habeas petition that challenged the application of a Section 851 enhancement. So, Ms. Downing, I'm looking at the motion to amend the habeas, which is where the Mathis argument was raised, and it seems to me that the thrust of the Mathis argument before the court when this was filed was a different argument than the de la Torre. Namely, it was the argument that if you looked at the amount of drugs involved in the state conviction, that that would just be a misdemeanor under federal law and not a felony. How does that impact our analysis? Your Honor, there are several ways in which that argument impacts your analysis, but as an initial reminder, Mr. Blitch was acting pro se at this point, so the court is required to liberally construe the arguments that he raises in his motions. However, we would point to several occasions in which Mr. Blitch… Even if the court liberally construes? De la Torre came up after the fact. I'm not sure that was on anybody's radar at the time the motion to amend was filed, so I don't know how far that would get you, but go ahead. Absolutely, Your Honor. There are several occasions where Mr. Blitch apparently raises the Mathis argument in his motion to amend and articulates what we believe is a reference to the categorical approach, which is the point at issue in Mathis. On page 1, paragraph 1, and again on page 2, paragraph 5 of Mr. Blitch's motion to amend, he states that a section 851 enhancement must fall. He references the underlying conviction, the 402C conviction, as indivisible in the same document on page 4, paragraph 13C, and the district judge apparently found this argument sufficient when he noted that it was an apparently overlooked argument and that Mr. Blitch had articulated the same basic claim from the beginning in his motion to amend. Does it matter that in looking at paragraph 13C that that indivisible argument is raised in connection with the same misdemeanor argument that I noted before? No, Your Honor. We would argue that that evidence is sufficient to find that Mr. Blitch did articulate the Mathis argument, especially in light of the fact that the district judge referenced Mr. Blitch as having articulated the Mathis argument in his certificate of appealability. He specifically noted that Mr. Blitch has articulated the same basic claim since the motion to amend, that his predicate offense was overbroad and that therefore the section 851 enhancement must fall. Mr. Blitch also articulates the overbreadth argument in his reply to the government's response where he compares his underlying predicate offenses to the court's ruling in United States v. Holt that the burglary predicate offense was overbroad and, again, that his simple possession conviction was overbroad. So he clearly articulated the Mathis argument, which means that the motion to amend and that the 60B argument was not, in fact, a second or successive habeas petition. Now, we would argue that the motion to amend remained open before this court and that, therefore, this court should reach the merits of Mr. Blitch's claim. The district judge did not issue his final ruling on Mr. Blitch's motion to amend the habeas petition until August 26, 2020. In practical effect, it was left pending during that time, and the government's Rule 60 arguments are not relevant to this court's ruling in Mr. Blitch's favor on the merits. The government appears to agree that there is no final ruling on the motion to amend until August of 2020, noting on page two of its response that Mr. Blitch timely filed his notice of appeal within 60 days of the district court's final order on his motion to amend. Now, I'd like to briefly back up and review the chronology of Mr. Blitch's Mathis argument. Mr. Blitch first raised this Mathis issue in his motion to amend his habeas petition. The government and the sentencing judge never ruled on that Mathis argument, and that failure to rule raises a substantial, extraordinary circumstance that justifies relief under Rule 60B-6, which was the argument that Mr. Blitch made in his Rule 60 motion. Why isn't this a 60B-1 rather than a 60B-6? Because what you're essentially arguing is that the district court made an error below by not addressing what was filed in the motion to amend, and that has a different standard. Yes, Your Honor. Rule 60B-1 encompasses routine errors very different from the ones at issue in this case. It covers mistakes such as Scrivener's errors in chambers or a misstatement by the clerk's office. The judge's failure to rule on Mr. Blitch's Mathis argument after repeated requests that he do so, Mr. Blitch's diligent pro se efforts to secure relief on a meritorious claim amidst lockdowns and other challenges, and the district judge's view that this was a meritorious claim take this case out of the ambit of Rule 60B-1. This is an extraordinary circumstance, much more akin to the abandonment by counsel or misleading by the court that this court has recognized are extraordinary circumstances in the past. In Claprot v. United States, the Supreme Court recognized that Rule 60B-6 vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. Given Mr. Blitch's diligence in pursuing this claim and the district court's apparent, the district court's inability or rather the lack of a district court ruling on this motion to amend, we believe that an extraordinary circumstance is present in this case. I'd like to reserve the remainder of my time for rebuttal. That will be granted. We'll now move to argument from the app. Lee, Ms. Bonamici. Yeah, please. Court. Good morning, Your Honors. The district court did not err in denying the defendant's motion under Rule 60B on the ground that in substance, it constituted a second or successive motion under Section 2255, which required authorization from this court to proceed. Citing the Supreme Court's decision in Gonzalez v. Crosby, the court correctly noted that the defendant's motion raised a claim that challenged his sentence and that this in substance was a 2255 motion and on that ground had to be denied. In fact, the Rule 60B motion did raise a claim. It raised the claim that the defendant is pressing here on appeal. This was a correct decision and it should be affirmed. The defendant's motion set forth the claim raised here that his 851-841 enhancement wasn't appropriate because it rested on a statute, or rested on a conviction based on a statute that was overbrought as compared to the federal statute defining controlled substances. This claim, as we have not discussed, we have not referred to, but it is the case, or it is the same statute that was involved in deletory. So we acknowledge that. However, the court's decision was nevertheless correct, and the procedural posture of the case is quite different than the way that it's been represented, I would say. And that is, as Judge St. Eve has pointed out, the arguments made by the defendant in all of the earlier motions and briefs, which there were a substantial number, never raised this specific issue. And merely intoning Mathis doesn't get you there. Ms. Bonamici, I think you would agree that the motion to amend that was filed by the petitioner below doesn't trigger the successive petition bar when the court hasn't ruled on the original petition, correct? I think you would agree with that. Yes, a motion to amend does not trigger it. Yes, I would agree with that. As pointed out by Ms. Downing, he was proceeding, Mr. Blitch was proceeding pro se, although we liberally construe pro se filings. And looking at the motion to amend in paragraph 13, the defendant talks about Mathis and then refers to the modified categorical approach and indivisibility and some of those difficult Mathis concepts to apply. Why isn't that sufficient to raise the claim that they're raising now? Well, Your Honor, for one reason that you've already pointed out, it was attached to the basic claim that the statute was overbroad because if you look at the quantity of drugs that are involved, the statute really, if prosecuted federally, that crime would be a misdemeanor only. That was the argument that was being raised there. So that's the first reason. Why shouldn't we construe it broader, given his reference to the categorical approach and indivisibility? Well, that would have required at that, I'm sorry, Your Honor, that would have required at that time for the court to supply an argument that wasn't really in existence, a specific argument that was only later identified by the court. I mean, obviously that argument existed in somebody's imagination or never would have come to fruition. But the court is not, I mean, broad construction, liberal construction for the benefit of a pro se defendant has never included making up arguments for the defendant and supplying arguments for him that are clearly not made. The defendant didn't make a general reference to Mathis, really. He made a reference to Mathis in connection with the argument, the specific argument that he was making, and the court addressed that argument the way that it was made. And that was in conjunction with other arguments that the defendant had made based on Johnson, which was the basis of his initial petition. So here, what we would be saying is that broad liberal construction of a pro se defendant's pleading requires the court to basically act as a defendant's lawyer and come up with arguments that the defendant has not put forward. And that's never, liberal construction of a pro se defendant's pleading has never gone that far. And that would be very unfair, particularly to this. This case illustrates how unfair it would be, because this defendant raised all kinds of arguments, or made all kinds of references to all kinds of cases and legal propositions, most of which were not particularly applicable to his case. And he did so in multiple motions, in separate, in even this and another separate 2255 proceeding, and various motions under 35A2C2. And so to request this, to request broad construction of every one of, you know, I'm going to quantify them because I don't recall the number, but it was a large number. It's completely unfair to the district court. And that is not required and it's never been required. Here, what has actually happened is that, and this is really an unfortunate reality of some of these cases, is that the defendant brought a petition under 2255 in 2016, it was ruled upon in 2018. And a year and a half later, when after, admittedly, case law had evolved and the case law had, I would say evolved rather than changed, with respect to some of these issues, the defendant took advantage of the new case law that was now available and filed a Rule 60B motion to reopen a judgment after it had been closed for a year and a half. This is not a motion to amend. This was, what it was actually was a new 2255, as the district court held. And it really flouts the procedural mechanisms that Congress has put together for post-conviction litigation to allow this morphing and mislabeling and mischaracterization or, to me, it reaches the point of mischaracterization. We understand that there's at least an argument to be made that we could construe these things liberally. To stretch it that far, I think, is really unfair to the district court and unfair and inappropriate, given the statutory limitations that exist for post-conviction litigation. Thank you, Ms. Bonamici. We'll now turn back, Ms. Downing, to you for rebuttal argument. Thank you, Your Honors. The core of Mr. Blitch's claim raised in his motion to amend was related to the overbreadth of his underlying 402C conviction to serve as a predicate offense. He clearly referenced the concepts of Mathis related to the categorical approach and to the overbreadth of his conviction to serve as a predicate offense. In several documents and in several filings, this indicates that the district court would not have to invent an argument that isn't there in order to rule on the issue. Instead, what happened is the district court entirely ignored a full filing in this case, the motion to amend, which never received a ruling. Now, there are two avenues for this court to provide relief to Mr. Blitch. Either this court can find that the motion to amend remained pending and that there were no final rulings on the issue, as the government concedes on page two of its response. Or the court can find that the Rule 60 argument raised a procedural claim, that the district court failed to actually meet a procedural obligation, which was established in Gonzales v. Crosby and in Brown Bay district litigation from this circuit, that it rule on all outstanding motions. And if the court finds that, then this argument was not a second or successive habeas petition. Instead, it was simply challenging the district court's failure to meet its procedural obligation to acknowledge all arguments raised in motions to amend. Now, the merits of this case are properly before this court, and the merits question has already been decided by this court in De La Torre. Mr. Blitch is currently serving an illegal sentence that's the result of the district court's admitted overlooking of a meritorious argument that he raised in his motion to amend. The court should vacate Mr. Blitch's 25-year mandatory minimum sentence imposed in connection with the government's disreputable stash house sting operation and remand for resentencing. Thank you. Thank you very much, Ms. Downing. Thank you, Ms. Zunkel. Thank you, Ms. Bonamici. And we thank Ms. Downing and Ms. Zunkel for the time and effort of the clinic in representing Mr. Blitch. Thank you.